Douglas A. Buxbaum, Esq.
Nathan A. Fluter, Esq.
BUXBAUM, DAUE & FITZPATRICK, PLLC
228 West Main, Suite A
P.O. Box 8209
Missoula, MT 59807
Telephone:  (406) 327-8677
Fax No.:  (406) 829-9840

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| LEO J. BARTLEY, ) | |
| ) | Cause No. |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **COMPLAINT** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, through his attorneys, alleges:

1.      At all times pertinent to this case, Plaintiff has been a citizen of the State of Montana.

2.      This Court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq.*, in that the claim arises from the Government's conduct, through

Veteran's Affairs ("VA"), in providing health care services at Fort Harrison, in Helena, Montana, and the VA clinic in Great Falls, Montana. The negligent acts and omissions that are the subject of this action were committed by the Government's agents and employees while acting within the course and scope of their employment. This Court has jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

3. The Plaintiff's claim was filed in writing with the VA on November 26, 2006, and not acknowledged by the VA. On March 9, 2009 Plaintiff sent the VA an Amended Tort Claim and received by the VA on March 10, 2009. By letter dated December 30, 2009 the VA denied all claims made by Mr. Bartley in his Tort Claim and Amended Tort Claim. Accordingly, Plaintiff has appropriately exhausted his administrative remedies.

4. The acts and omissions giving rise to this claim occurred in Lewis and Clark County, Montana, and in Cascade County Montana, which is within this judicial district. Venue is proper in this Court under 28 U.S.C. §§ 1391(e) and 1402(b). Venue also is proper in this division under this Court's Local Rule 1.11 because Lewis and Clark County is one of the places where the Defendant United States of America's negligent acts and omissions occurred. Furthermore, under this Court's Local Rule 1.9(d) Lewis and Clark County is within the Helena Division of the United States District Court for the District of Montana.

5. Leo Bartley is an 83-year-old man who lives with his wife, Lucille Bartley, in Great Falls, Montana. He was born on October 26, 1926. As a World War II United States military veteran he receives his health care from the Veteran's Affairs, specifically, Fort Harrison and the VA clinic in Great Falls.

6.     The VA operates a number of hospitals and medical service facilities for veterans in and across the United States. The United States of America established the VA on July 21, 1930 in part to provide medical care for veterans who qualify for veterans medical benefits. One such facility is Fort Harrison.

7.     Mr. Bartley underwent cardiac surgery in 1999 resulting in valve replacement to both his mitral and aortic valves. He was also placed on anti-coagulation therapy. The coagulation capabilities of his blood were being monitored by the VA. The universally accepted measure of clotting capability and time is the International Normalized Ratio ("INR"). This was the measure being followed in Leo's care. His targeted INR range according to his records, was 2-3.5 on therapy. His anti-coagulation therapy employed Warfarin, a commonly used agent for those purposes.

8.     In August 2005, Leo presented to a surgeon at Fort Harrison with an inguinal hernia, which had been present for approximately three weeks. The doctor and Leo decided to treat the hernia conservatively unless his symptoms became sufficient to justify surgical reduction.

9.     On March 27, 2006, Mr. Barley presented to the emergency department at Benefis Hospital in Great Falls, Montana, with onset of left pelvic pain believed to be associated to his hernia discovered the preceding year. The emergency physician recommended that Mr. Bartley again consult his VA surgeon regarding surgical reduction of his hernia.

10. In mid March 2006, Leo started taking Simvastatin, a drug known to potentiate the effects of Warfarin anti-coagulation. On March 28, 2006, Leo was started on a plan to alter his Warfarin therapy in anticipation of his hernia reduction surgery planned for April 14, 2006. The plan called for re-initiating Warfarin therapy on April 15th at 4 mg/day and then 3 mg/day following surgery. This was done.

11. On April 19, 2006, Leo presented to the VA clinic in Great Falls for monitoring of his INR. Leo's INR on that date was 5.8 as reflected in the VA clinic record. This is a dangerously elevated INR and creates a high risk of hemorrhage, particularly in a patient having undergone recent surgery.

12. Instead of referring Leo to appropriate medical attention as the standard of care required, Leo was told simply to hold three doses of his anti-coagulation medication. In the setting of a fresh, unhealed surgical wound, this was unsafe and below the standard of care. Leo's surgeon should have been informed of this marked elevation of his INR. Leo's Simvastiatin therapy was reinitiated after his surgery despite its potentiating effects on his anti-coagulation therapy. This was an error. Leo's Simvastatin therapy should have been discontinued until he returned to a stable, target INR level. This is also the standard of care.

13. Two days later, on April 21, 2006, Leo presented to the emergency department at Benefis Hospital in Great Falls, Montana, with severe and debilitating abdominal pain. His admitting INR was 11.07, a critical value. After further evaluation, Leo was suspected to be bleeding into the abdomen in the operative site. On surgical exploration, bleeding and

hematoma formation was confirmed with findings of bowel wall infarction and intra-abdominal infection.

14.     Leo required resection of a 20 cm segment of his bowel and colostomy formation.  He was hospitalized for a total of 11 days for this condition.  The history and documentation provided by his chart shows Leo presented with acute onset of bowel and abdominal symptoms, which could have been prevented with appropriate intervention.  Leo survived the infection and acute event.  He underwent six weeks of IV antibiotic therapy followed by take down of his colostomy successfully performed in August of 2006.

15.     With appropriate medical attention, Leo would, more probably than not, have avoided this surgical complication, life threatening infection and colostomy formation.

16.     The VA's negligence caused Leo's medical problems which are secondary to his severe infection, the Defendant's negligence increased both the harm and risk of harm to Leo from his initial hernia surgery, and reduced his opportunity for a better result.  Leo's deteriorated health was caused by his nearly fatal intra-abdominal infection and shock.  It has been over three years since the initial insult and Leo's fatigue, weakness, and loss of energy are now permanent.

17.     Leo continues to be experience fatigability, a loss of energy, and chronic weakness.  He is entitled to all damages under Montana law, including, without limitation, the following to be proved in amounts at trial:

       1.     Past and future medical care and expenses;

       2.     Care and therapeutic costs;

      3.      Loss of earning capacity;

      4.      Pain and suffering;

      5.      Loss of established course of life; and,

      6.      Mental distress and anguish.

WHEREFORE, Plaintiff seeks judgment against the Defendant as follows:

1. Judgment in their favor;

2. Interest on all just compensation received;

3. Costs of suit as allowed by law; and,

4. For any and all other relief which this Court may deem appropriate.

Dated this 4th day of February, 2010.

                    /s/ Douglas A. Buxbaum
                    Douglas A. Buxbaum
                    BUXBAUM, DAUE & FITZPATRICK, PLLC
                    *Attorneys for Plaintiff*